Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| GERARDO JOSÉ SÁNCHEZ ORTIZ Y OTROS<br><br>Demandantes - Apelados<br><br>v.<br><br>MELISSA ENID SÁNCHEZ FALCÓN Y OTROS<br><br>Demandados - Apelantes | TA2025AP00215 | Apelación procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Civil núm.: BY2023CV03288 (501)<br><br>Sobre: División o Liquidación de la Comunidad de Bienes Hereditarios |

Panel integrado por su presidente, el Juez Sánchez Ramos, la Jueza Romero García y el Juez Pérez Ocasio.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 26 de septiembre de 2025.

Por la vía sumaria, el Tribunal de Primera Instancia ("TPI") desestimó una reconvención al concluir que una preterición en un testamento no anula la institución de herederos realizada en el mismo, sino que únicamente conlleva que la hija preterida reciba su porción de la legítima. Según se explica a continuación, concluimos que actuó correctamente el TPI.

I.

En junio de 2023, el Sr. Gerardo J. Sánchez Ortiz y su hermana, la Sa. Fabiola Sánchez Ortiz (juntos, los "Nietos"), presentaron la acción de referencia, sobre división de comunidad hereditaria (la "Demanda"), en contra de la Sa. Melissa E. Sánchez Falcón (la "Hija").

Los nietos señalaron que, en marzo de 2021, su abuelo, el Sr. Jesús Sánchez Hernández (el "Causante"), otorgó un testamento abierto (el "Testamento") en el cual los instituyó como herederos universales. Ello en atención a que el padre de los Nietos, e hijo del Causante (Sr. Jesús G. Sánchez Falcón), ya había fallecido al

otorgarse el Testamento[1]. En cuanto a la hija del Causante (la Hija), explicaron que esta fue desheredada en el Testamento. Los Nietos alegaron que, una vez el Causante falleció (el 25 de diciembre de 2022), la Hija se apoderó de los bienes del caudal hereditario y rehusó darles información sobre los mismos. Solicitaron la división del caudal hereditario de acuerdo con el Testamento.

Luego de algunos trámites procesales, la Hija presentó una *Moción de Desestimación* por falta de parte indispensable. Planteó que tenían que haberse incluido como partes a la excónyuge del Causante, la Sa. Enedina Falcón Ortega, t/c/c Eneida Falcón Ortega (la "Anterior Esposa"), y a los hijos de la Hija, a quienes les correspondería heredar por representación si subsistiese la desheredación.

Concedido un término para expresarse, los Nietos instaron una *Moción Solicitando Permiso para Enmendar la Demanda*. En síntesis, solicitaron autorización para traer al pleito a la Anterior Esposa y a los dos hijos menores de la Hija. Anejaron a la *Moción* una Demanda Enmendada.

Transcurridos algunos incidentes procesales, la Hija contestó la Demanda, con lo cual incluyó una reconvención (la "Reconvención"). En lo pertinente, la Hija alegó que, por haberse reconciliado con el Causante luego del otorgamiento del Testamento, su desheredación quedó sin efecto. Añadió que, antes de liquidarse el caudal hereditario, debía liquidarse la comunidad postganancial del Causante y la Anterior Esposa, quienes se habían divorciado por consentimiento mutuo. Los Nietos contestaron la Reconvención.

Al cabo de varios incidentes procesales, el 11 de febrero de 2025, las partes presentaron una *Moción Conjunta Anunciando Desistimiento con Perjuicio al Amparo de la Regla 39.1(a)(2) y*

---

[1] Añadieron que otra hija del Causante (Claribel Sánchez Falcón) también le premurió, pero que esta no tuvo descendencia.

*Solicitud de Término Adicional.*  En esencia, informaron que los Nietos desistían de su reclamación en contra de los hijos de la Hija, y que el caso continuaría en contra de la Hija y de la Anterior Esposa.  Los Nietos luego explicaron que su solicitud de desistimiento obedecía a que la Hija demostró, a satisfacción de ellos, que esta en efecto se reconcilió con el Causante luego del otorgamiento del Testamento, por lo cual concluyeron que tenía razón al plantear que era inexistente su desheredación en el Testamento.

El 21 de febrero, el TPI dictó una *Sentencia Parcial* mediante la cual decretó el archivo del caso, con perjuicio, en cuanto a los hijos de la Hija.

El 2 de junio, los Nietos instaron una *Moción en Solicitud de Sentencia Sumaria Parcial al Amparo de la Regla 36.1 de Procedimiento Civil* (la "Moción").  Destacaron que, al no proceder la desheredación de la Hija, legitimaria del Causante, esta fue preterida en el Testamento.  No obstante, afirmaron que la preterición de un legitimario no anula la institución de herederos y lo que conlleva es la división de la legítima entre el total de legitimarios.  Por consiguiente, sostuvieron que no existía una controversia de hechos que le impidiese al TPI dictar sentencia sumaria a su favor y ordenar que se abriera la sucesión intestada en cuanto a la porción legítima del caudal, mientras seguía válido el Testamento en cuanto a la porción de libre disposición del caudal a favor de los Nietos.

El 13 de junio, la Hija se opuso a la Moción; arguyó que, al no existir un legado en el Testamento atribuible a la porción de libre disposición, lo procedente era ordenar la apertura de la sucesión intestada sobre la totalidad del caudal hereditario.  Sostuvo que su preterición conllevaba que se declarase nula la institución de herederos a favor de los Nietos.

Mediante una *Sentencia Parcial* notificada el 30 de junio (la "Sentencia"), el TPI declaró con lugar la Moción y desestimó la Reconvención. El TPI determinó que <u>no</u> había controversia sobre los siguientes hechos (énfasis suplido):

1. Jesús Sánchez Hernández (el causante) falleció en San Juan, Puerto Rico el 25 de diciembre de 2022 siendo soltero por divorcio.

2. El causante otorgó Testamento Abierto mediante Escritura Pública número 72 el 10 de marzo de 2021 a las 10:00 AM ante notario Generoso Rivera Rodríguez. Este fue su último testamento según certificación número 0083957 expedida por la Oficina de Inspección de Notarias (ODIN) del 2 de mayo de 2023.

3. El causante se casó en primeras y únicas nupcias con Enedina Falcón Ortega, de quién se divorció el 11 de julio de 2002 mediante sentencia de divorcio por consentimiento mutuo.

4. En dicho matrimonio se procrearon 3 hijos:

a. Jesús Gerardo Sánchez Falcón, quien premurió al causante dejando dos hijos, a su vez, nietos del causante;

i. Fabiola Sánchez Ortiz

ii. Gerardo José Sánchez Ortiz

b. Claribel Sánchez Falcón, quien premurió al causante sin dejar hijos ni descendientes de ninguna clase;

c. Melissa Sánchez Falcón

5. El causante en su Testamento, instituyó como sus herederos universales a sus dos nietos Fabiola Sánchez Ortiz y Gerardo José Sánchez Ortiz.

6. **Gerardo Sánchez Ortiz y Fabiola Sánchez Ortiz son herederos por derecho de representación de su padre, Jesús Gerardo Sánchez Falcón, quien premurió al causante**.

7. En el testamento el causante desheredó a su hija, Melissa Sánchez Falcón.

8. Que con posterioridad a la otorgación del testamento existió la condonación y reconciliación entre el causante y Melissa Sánchez Falcón.[2]

---

[2] *Sentencia Parcial*, Entrada 146 de SUMAC, págs. 2-3.

Inconformes, el 14 de julio, la Hija y la Anterior Esposa (las "Apelantes") solicitaron la reconsideración de la Sentencia, lo cual fue denegado por el TPI mediante una *Orden* notificada el 16 de julio.

El 7 de agosto, las Apelantes presentaron la apelación que nos ocupa; formularon el siguiente señalamiento de error:

> Erró el Tribunal de Primera Instancia en la interpretación y aplicación del derecho, y abusó de su discreción al declarar no ha lugar la solicitud de desestimación.

En esencia, plantearon que el TPI debió "declarar nula la institución de herederos" a favor de los Nietos, ello a raíz de la preterición de la Hija. Arguyeron que debía abrirse la sucesión intestada respecto de la totalidad del caudal hereditario, de modo que la Hija, por un lado, y los Nietos, por el otro, "heredarían por partes iguales … siendo la división por estirpe".

Los Nietos presentaron su alegato, en el cual reproducen lo planteado en la Moción. Resolvemos.

II.

La sentencia sumaria es un mecanismo cuya finalidad es "propiciar la solución justa, rápida y económica de controversias en las cuales resulta innecesario celebrar un juicio plenario". *Meléndez González et. al. v. M. Cuebas,* 193 DPR 100, 109 (2015); *SLG Zapata v. J.F Montalvo,* 189 DPR 414, 430 (2013). Este mecanismo procesal se rige por la Regla 36 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 36. En particular, la Regla 36.3(e) de las de Procedimiento Civil, *supra,* dispone que procede dictar sentencia sumaria si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas y alguna otra evidencia, si la hubiere, acreditan la inexistencia de una controversia real y sustancial respecto a algún hecho esencial y pertinente y, además, si el derecho aplicable así lo justifica. Así, se permite disponer de asuntos pendientes ante el foro judicial sin

necesidad de celebrar un juicio, ya que únicamente resta aplicar el derecho a los hechos no controvertidos. *Meléndez González et. al., supra*; *SLG Zapata, supra*; *Const. José Carro v. Mun. Dorado,* 186 DPR 113, 128 (2012).

Si se concluye que "existe una controversia **real y sustancial** sobre hechos relevantes y pertinentes", no procede dictar sentencia sumaria. *Ramos Pérez v. Univisión,* 178 DPR 200, 213-214 (2010) (Énfasis nuestro). Un hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable. *Meléndez González et. al., supra*; *Ramos Pérez,* 178 DPR a la pág. 213, citando a J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, San Juan, Pubs. J.T.S., 2000, T. I, pág. 609; *Jusino et als. v. Walgreens,* 155 DPR 560, 579 (2001); *Audiovisual Lang. v. Sist. Est. Natal Hnos.,* 144 DPR 563, 577 (1997).

La parte promovente de una solicitud de sentencia sumaria está obligada a establecer, mediante prueba admisible en evidencia, la inexistencia de una controversia real respecto a los hechos materiales y esenciales de la acción. Además, deberá demostrar que, a la luz del derecho sustantivo, amerita que se dicte sentencia a su favor. *Ramos Pérez, supra*; *Vera v. Dr. Bravo,* 161 DPR 308, 332-333 (2004). Cuando de las propias alegaciones, admisiones o declaraciones juradas, surge una controversia de hechos, la moción de sentencia sumaria es improcedente. *Mgmt. Adm. Servs., Corp. v. E.L.A.,* 152 DPR 599, 610 (2000).

Por su parte, quien se oponga a que se dicte sentencia sumaria debe controvertir la prueba presentada. La oposición debe exponer de forma detallada y específica los hechos pertinentes para demostrar que existe una controversia fáctica material, y debe ser tan detallada y específica como lo sea la moción de la parte promovente pues, de lo contrario, se dictará la sentencia sumaria en su contra, si procede en derecho. Regla 36 (c) de las de

Procedimiento Civil, *supra.* Cuando la moción de sentencia sumaria está sustentada con declaraciones juradas u otra prueba, la parte opositora no puede descansar en meras alegaciones y debe proveer evidencia para demostrar la existencia de una controversia en torno a un hecho material. A tales efectos, el juzgador no está limitado por los hechos o documentos que se aduzcan en la solicitud, sino que debe considerar todos los documentos del expediente, sean o no parte de la solicitud de sentencia sumaria, de los cuales surjan admisiones hechas por las partes. *Const. José Carro v. Mun. Dorado*, 186 DPR a la pág. 130, citando a *Cuadrado Lugo v. Santiago Rodríguez*, 126 DPR 272, 280-281 (1990).

III.

Existen varios tipos de transmisión sucesoria, a saber, la testamentaria, la intestada y la mixta. Art. 1548 del Código Civil, 31 LPRA sec. 10913. La sucesión testamentaria es la que resulta de la voluntad declarada en un testamento. Art. 1549 del Código Civil, 31 LPRA sec. 10914.

Por otro lado, la institución de herederos es la designación hecha en un testamento de la persona que sucederá al testador, como heredero o como legatario, en la titularidad de los bienes que integran la herencia. Art. 1659 del Código Civil, 31 LPRA sec. 11301.

Destacamos que la validez de un testamento no se afecta porque el mismo carezca de una institución de herederos o esta resulte ineficaz. Art. 1660 del Código Civil, 31 LPRA sec. 11302. Por tanto, el testador puede conceder parte de sus bienes a favor de legatarios, en lugar de instituir herederos. Mediante el testamento, el testador puede ordenar, no sólo la manera de distribuir su patrimonio relicto, sino también designar quiénes habrán de ser los destinatarios de los bienes y las obligaciones que lo componen.

E. González Tejera, *Derecho de Sucesiones: La sucesión intestada*, Ed. Universidad de Puerto Rico, 2001, T. I, págs. 51-52.

Por su parte, la sucesión intestada ocurre cuando no existen o no rigen disposiciones testamentarias. Art. 1550 del Código Civil, 31 LPRA sec. 10915. Se trata de un conjunto de normas que reglamentan la distribución del caudal hereditario de una persona que fallece sin testamento, o bien con un testamento que es total o parcialmente ineficaz. González Tejera, *op. cit.*, pág. 52. La sucesión corresponde, en primer lugar, a los descendientes en línea recta y al cónyuge supérstite. Art. 1720 del Código Civil de Puerto Rico, 31 LPRA sec. 11432. Así pues, los hijos del causante y el cónyuge supérstite le heredan por partes iguales. Art. 1721 del Código Civil de Puerto Rico, 31 LPRA sec. 11433. Por su parte, los nietos y demás descendientes del causante le heredan por representación. Íd.

Por otro lado, ante la ineficacia parcial de un testamento, estaremos ante una sucesión mixta, es decir, la que resulta de la voluntad declarada en un testamento y, a la vez, de las disposiciones pertinentes de ley. Arts. 1551 y 1719 del Código Civil, 31 LPRA secs. 10916 y 11431. Es decir, la sucesión mixta se produce cuando, existiendo un testamento en el que se instituyen herederos o legatarios, también se produce la apertura de la sucesión intestada porque el testamento es ineficaz o insuficiente. Art. 1719 del Código Civil, 31 LPRA 11431.

Resaltamos que se denomina la legítima como el derecho que concede la ley a determinados parientes, por lo general a los más próximos, a recibir una porción de los bienes a la muerte del causante, independientemente de la voluntad de este. Es decir, la legítima es la parte de la herencia que la ley reserva para determinadas personas, denominadas legitimarios. Art. 1621 del Código Civil, 31 LPRA sec. 11161. La legítima, así denominada por ser impuesta por ley, constituye la parte de la herencia de la cual no

puede disponer libremente el causante debido a que está reservada para determinadas personas. Al respecto, los legitimarios serán llamados a la legítima en el siguiente orden: los descendientes; el cónyuge supérstite; y, a falta de estos, los ascendientes. Art. 1622 del Código Civil, 31 LPRA sec. 11162.

Por su parte, cuando en un testamento se omite instituir como heredero a un legitimario, ocurre la preterición. En particular, el Artículo 1628 del Código Civil, 31 LPRA sec. 11181, establece que "[e]l testador incurre en preterición cuando omite instituir a uno, a varios o a todos sus legitimarios". La preterición es una de las medidas protectoras que tienen los legitimarios para prevenir que se les prive de su legítima.[3] Por consiguiente, la preterición es la omisión de un legitimario en el testamento. *Blanco v. Sucn. Blanco*, 106 DPR 471, 475-476 (1977). Así pues, el testador incurrirá en preterición cuando no mencione al legitimario en el testamento, o cuando lo menciona, pero no le atribuye ninguna clase de bien, sea por cualquier título. Íd., a la pág. 476. Por el contrario, si lo menciona y le deja un legado o una donación *mortis causa*, no puede hablarse de preterición.

Ahora bien, con la promulgación del Código Civil de 2020 ocurrió un cambio fundamental en cuanto a los efectos de la preterición. El derogado Artículo 742 del Código Civil de 1930, 31 LPRA sec. ant. 2368, establecía que la preterición anulaba la institución de herederos.[4] Sin embargo, esta norma fue descartada

---

[3] Memorial Explicativo del Libro Sexto, M. R. Garay Aubán, *Código Civil 2020 y su historial legislativo: Artículo, Referencias, Concordancias, Notas del Compilador y Memoriales Explicativos*, 2da. ed., San Juan, Ed. Situm, 2021, T. 5, Sucesiones, pág. 130.

[4] Artículo 742. — Preterición de heredero forzoso; del cónyuge viudo. 31 LPRA sec.2368
La preterición de alguno o de todos los herederos forzosos en línea recta, sea que vivan al otorgarse el testamento o sea que nazcan después de muerto el testador, **anulará la institución del heredero; pero valdrán las mandas y mejoras en cuanto no sean inoficiosas**.
La preterición del viudo o viuda no anula la institución; pero el preferido conservará los derechos que le concede este Código.
Si los herederos forzosos preteridos mueren antes que el testador, la institución surtirá efecto. (Énfasis provisto).

por el Código Civil vigente. En vez, bajo el Artículo 1629, *ante*, "[l]a preterición de un legitimario **no anula la institución de heredero**", sino que únicamente "conlleva la división de la legítima entre el total de los legitimarios".

En la Exposición de Motivos que acompaña el nuevo Código Civil, la Asamblea Legislativa expresó que "[l]a preterición de un legitimario no da lugar como hasta ahora, a la nulidad de la institución de heredero, sino solamente a pedir el complemento de la legítima".[5] Así pues, en el nuevo Código Civil, "[s]e conserva una sola clase de preterición[6] y su único efecto es **abrir un hueco en la legítima para que todos, incluyendo el preterido, tomen su porción**". Véase, M. R. Garay Aubán, *op cit.*, en la pág. 132.

Por último, en cuanto a los efectos de la reconciliación subsecuente a la desheredación, el Artículo 1638 del Código Civil, 31 LPRA sec. 11198, establece que "[l]a reconciliación posterior entre el ofensor y el ofendido priva a este del derecho a desheredar, deja sin efecto la desheredación ya hecha y produce, a su vez, los efectos de la preterición".

IV.

Concluimos que actuó correctamente el TPI al desestimar la Reconvención. Adviértase que su razón de ser (impugnar la desheredación de la Hija) advino académica, pues todas las partes están actualmente de acuerdo en que la desheredación quedó sin efecto por la reconciliación entre el Causante y la Hija.

Además, concluimos que también obró acertadamente el TPI al determinar que, como cuestión de derecho, la preterición de la Hija no tuvo el efecto de anular la institución de herederos en cuanto

---

[5] Artículo 1630. — El complemento de la legítima. 31 LPRA sec. 11183
El legitimario a quien el testador ha dejado, por cualquier título, menos de la legítima que le corresponde, puede pedir el complemento.
[6] Originalmente, en el borrador propuesto del nuevo Código Civil se establecía una dicotomía, entre la preterición voluntaria e involuntaria, que fue descartada por la Asamblea Legislativa.

a los Nietos y la porción de libre disposición del caudal hereditario. El derecho aplicable y vigente, expuesto arriba, es claro al respecto. Por tanto, al dividirse el caudal, corresponderá que la mitad atribuible a la porción de libre disposición se adjudique a los Nietos. Mientras tanto, tal como acertadamente resolvió el TPI, la otra mitad del caudal (la legítima) se dividirá de conformidad con las normas de la sucesión intestada, por lo que allí concurrirá, en igualdad, la Hija, por un lado, y los Nietos, por el otro, en representación de su padre fallecido.

Es decir, se abrirá la sucesión intestada únicamente sobre la porción de la legítima del caudal hereditario.  Como detalláramos previamente, y contrario a lo aseverado por las Apelantes, en el vigente Código Civil se varía la regla del derogado Artículo 742 del Código Civil de 1930, *ante*.  Ahora, la preterición no anula la institución de heredero.  Art. 1629 del Código Civil, *supra*. "El efecto que tiene es que la legítima **se divide entre el total de los legitimarios**."   M.R. Garay Aubán, *Compendio de Derechos Sucesiones, Incluye referencias al Código Civil 2020*, 1ra ed., San Juan, Ed. SITUM, Enero 2022, pág.132.  Por consiguiente, a lo único que tiene derecho la Hija preterida es a recibir su porción de la legítima, junto a los Nietos en representación de su padre, mediante la apertura de la sucesión intestada en la mitad del caudal hereditario.

Nuestra conclusión se fortalece al advertirse que la pretendida apertura de la sucesión intestada, sobre la totalidad del caudal hereditario, frustraría la voluntad del testador.  En efecto, en el Testamento, el Causante dispuso de sus bienes en el siguiente modo:

> INSTITUCION DE HEREDEROS Y DISPOSICION DE BIENES:
> A: Manifiesta el Testador que es su deseo instituir a sus nietos, Fabiola Sánchez Ortiz y Gerardo José Sánchez

Ortiz, como sus **únicos y universales herederos** de todos sus bienes presentes y futuros en partes iguales.

B: A su hija Meliza (sic) Sánchez Falcón, es su deseo desheredarla de todos sus bienes, ya que nunca se ha ocupado de él y él ha pasado vicisitudes dependiendo de personas extrañas para que lo ayuden, y además, ella sustrajo de la cuenta de su hermana incapacitada una cantidad de dinero que se le está reclamando actualmente en el Tribunal.

CUARTO: Dispone también el Testador que **todos** sus bienes que resulten a la hora de su muerte, bien sean muebles o inmuebles, dinero en efectivo o depositados en bancos o cualquier otra clase de activos, deberán corresponder a los herederos instituidos después de deducidas las deudas, si las hubiere, y los gastos funerales.[7]

Puesto de otra forma, la aplicación de la norma vigente resulta en una distribución mucho más afín con la voluntad del testador, la cual fue dejarle todos sus bienes a los Nietos (tanto la legítima como la mitad de libre disposición). Aunque la Hija fue preterida, la única consecuencia de ello es que se abre una sucesión mixta y esta solo tiene derecho a recibir la porción que le corresponde de la legítima, la cual es compartida con los Nietos (en representación de su padre).[8] Consecuentemente, la mitad de libre disposición corresponde a los Nietos, pues la institución de herederos realizada por el Causante no se afecta en cuanto a esta porción del caudal hereditario.

V.

Por los fundamentos que anteceden se confirma la *Sentencia Parcial* apelada.

Lo acuerda y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[7] Véase, *Testamento*, Anejo 2 de la Demanda, Entrada 1 de SUMAC, págs. 2-3.
[8] El Código explica que la legítima, la cual es reservada a los legitimarios, entiéndase los descendientes en línea recta y el cónyuge supérstite, constituye la mitad del caudal. Arts. 1621 y 1720 del Código Civil, *ante*.